## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| HAARSLEV, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 23-2569-KHV |
| | ) | |
| TOM'S METAL ENTERPRISES, LLC | ) | |
| d/b/a INDUSTRIAL METAL | ) | |
| ENTERPRISES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| HAARSLEV, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 23-2575-KHV |
| | ) | |
| CHRISTENSEN MACHINE, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| HAARSLEV, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 24-2003-KHV |
| | ) | |
| MICHAEL CHAPPLE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Michael Chapple's Motion Pursuant To F.R.E. 702 And Daubert To Exclude The Testimony Of Plaintiff's Retained Expert Henry Morris (Doc. #126) filed April 4, 2025. Chapple seeks an order excluding testimony of Henry Morris, plaintiff's designated expert, on the grounds that under Rule 702, Fed. R. Evid., Morris lacks specialized knowledge, training, skill, experience or education to provide his stated opinions, and

he has provided opinions based on incorrect assumptions and "facts." This matter also comes before the Court on Defendant Tom's Metal Enterprises, LLC'S Motion To Exclude Plaintiff's Expert And Memorandum In Support (Doc. #132) filed April 4, 2025, which argues that (1) Morris is not qualified to express the opinions stated in his report; (2) his opinions are not based on sufficient facts or data; (3) his testimony is not the product of reliable principles or methods; and (4) his opinions do not reflect a reliable application of principles and methods to the facts of this case.

The Expert Witness Report of Henry L. Morris (Doc. #128-1) filed April 4, 2025, is attached as Exhibit 1 to Chapple's motion to exclude. Page 9 of the report recites his opinions and conclusions, which the Court summarizes as follow:

1.      Michael Chapple was hired as a Sales & Project Engineer for the Demkota Project with limited experience and "to outsource the equipment he did, [and] ask for time & material quotes either reflects on his inexperience or his intentions to benefit." Expert Witness Report (Doc. #128-1) at 9. Also, "he is guilty of approving IME invoices without change orders and without purchase orders approved at the proper level." Id.

2.      The relationship between Chapple and Jeff Muir is very suspect; they appear to be doing the same job, and Morris is not sure why Jeff Muir was needed on the project.

3.      CMI and IME are competitors of plaintiff and Morris found no evidence that Chapple got approval to use them as suppliers on the Demkota Project.

4.      Morris is totally surprised that both CMI and IME issued time and material quotes on conveyors; with the detailed drawings and specifications provided by plaintiff, he would have expected a formal fixed quote. A time and materials contract opens too many opportunities to overrun a project.

5.      A big disparity exists between the number of screw conveyors which plaintiff needed for the project and the number supposedly ordered and supplied.

6.      No senior people at CMI have explained Quotation Number 340, which states that CMI will provide 43 screw conveyors. The explanation from Tom Clayville, senior VP Sales and Consulting, is illogical.

7.      CMI paid Jeff Muir $127,371.80, which appears "very questionable."  Id. at 11. Most definitely the profit charge of $10,926.30 is an inappropriate charge to plaintiff; it should be a part CMI's overhead.

8.      CMI produced a job summary that was severely overcharged and very misleading.

9.      Time and material ("T & M") purchases are usually more complicated than fixed price purchases and in general, Morris would expect a T & M quote to break down approximately as follows: 40 per cent material, 30 per cent labor and burden, 20 per cent selling, admin and engineering costs and 10 per cent net profit before tax.

10.      Chapple deliberately okayed and signed invoices to be paid that were not supported by authorizing paperwork or approval.  IME and Chapple appear to have participated in "verbale [sic] communication about any cost overruns or approval of same."  Id.  In Morris' world, a contractor would not be paid for overruns if it was not communicated in writing and approval given in writing.

Chapple and Tom's Metal have demonstrated to the Court's satisfaction that these opinions are not matters requiring expert testimony and factually, may be false.  Morris professes no particular expertise in evaluating the credibility of witnesses or assessing their character, yet he liberally dispenses his judgment on such matters in ways that invade the province of the jury.  His suspicions about irregular relationships and dealings will inflame rather than assist the jury and

inject passion and prejudice into the case, thus running afoul of Rule 403, Fed. R. Evid.  The Morris report identifies no methodology or industry-wide standards which inform his stated opinions.  It is irrelevant whether Morris has found evidence to support or discredit any particular position of the parties.  Also, even if his expectations about time and materials contracts are sufficiently informed by his experience and knowledge, plaintiff has not shown how these opinions are relevant to this case.

Plaintiff's response to these points consists almost exclusively of boilerplate case law about Rule 702, Fed. R. Evid., and repeated genuflecting to Morris' 45 years of experience in the meat packing industry.  Plaintiff does not directly link his expertise, or the facts and data on which he purportedly relies, to any opinions which he professes to render.  Similarly, plaintiff does not identify any reliable principles or methods, or industry standards, on which he purports to rely.  Morris' opinions on industry standards for invoicing and issuance of purchase orders are of minimal relevance because the parties' intent, not their compliance with industry standards, is at issue in this case.

For substantially the reasons stated in the motions and briefs of Chapple and Tom's Metal Enterprises, both motions are sustained.[1]

**IT IS THEREFORE ORDERED** that Defendant Michael Chapple's Motion Pursuant To F.R.E. 702 And Daubert To Exclude The Testimony Of Plaintiff's Retained Expert Henry Morris (Doc. #126) and Defendant Tom's Metal Enterprises, LLC'S Motion To Exclude Plaintiff's Expert

---

[1]    To expedite a ruling on this motion, because the case has pending motions for summary judgment and is set for trial on November 10, 2025, the Court is communicating the reasons for its decision without attempting to draft a legal treatise or cite relevant case law.  The law in this area is clear and the Court has taken into account the authorities which are cited in the parties' briefs, along with other authorities.  If necessary for future proceedings, the Court may supplement this order with additional findings of fact or legal citations.

And Memorandum In Support (Doc. #132), both filed April 4, 2025, be and hereby are

**SUSTAINED.**

Dated this 21st day of May, 2025 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge