# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HAARSLEV, INC., ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 23-2569-KHV |
| ) | |
| TOM'S METAL ENTERPRISES, LLC ) | |
| d/b/a INDUSTRIAL METAL ) | |
| ENTERPRISES, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____) | |
| HAARSLEV, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 23-2575-KHV |
| ) | |
| CHRISTENSEN MACHINE, INC. ) | |
| ) | |
| Defendant. ) | |
| _____) | |
| HAARSLEV, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 24-2003-KHV |
| ) | |
| MICHAEL CHAPPLE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## ORDER

This matter comes before the Court on <u>Plaintiff's Motion For Partial Summary Judgment</u> (Doc. #120) filed April 4, 2025. Plaintiff asks the Court to find as a matter of law that the applicable contract between it and Tom's Metal Enterprises, LLC, d/b/a Industrial Metal Enterprises, LLC ("IME") was for a fixed price and not a commitment by IME to pay an unlimited amount of money based on the time and materials IME claimed to spend. Having carefully

reviewed the record, the Court finds that genuine issues of material fact preclude summary judgment on this issue and overrules plaintiff's motion.[1]

At a minimum, disputed issues of material fact include the following:

1.  Plaintiff claims that as a matter of law, IME's "specifications and estimates" dated March 22, 2022 constituted an offer which it rejected by counter-offering Purchase Order 17003 on March 23, 2022. Whether IME's "specifications and estimates" could have resulted in a binding contract is a legal issue which cannot be resolved on this factual record, given (1) IME's stipulation that "[d]ue to extreme market volatility and pending U.S. Government section 232 trade cases; all prices and availability are subject to change without notice, all quotes to be confirmed at time of order," Plaintiff's Brief In Support Of Motion For Partial Summary Judgment (Doc. #121) filed April 4, 2024 at 3, and (2) its recitation that the specifications and estimates of $800,000 were to fabricate an unspecified number of Demkota Ranch Beef Screw Conveyors "as per provided drawings" which were not provided, Exhibit 1 (Doc. #121-1) at 3. Furthermore, while the record reveals that "[a]ny alteration or deviation from above specifications involving extra costs will be executed only upon written orders, and will become an extra charge over and above the estimate," the scope of work is not actually defined. Id. Finally, IME's so-called "offer" to supply the conveyors for a fixed "Total Bid Price" of $800,000.00 is internally inconsistent with its representation that the bid is for time and material.

---

[1] To expedite a ruling on this motion, because the case is set for trial on November 10, 2025, the Court is communicating the reasons for its decision without attempting to draft a legal treatise or cite volumes of well established but relevant case law. The law in this area is clear and the Court has taken into account the authorities which are cited in the parties' briefs, along with other authorities. If necessary for future proceedings, the Court may supplement this order with additional findings of fact or legal citations.

2. Plaintiff claims that Purchase Order 17003 constituted a counter-offer which IME accepted by subsequent performance. Whether Purchase Order 17003 constituted an offer (or a counter-offer) which could have resulted in a binding contract is a legal issue which also cannot be resolved on this factual record. Purchase Order 17003 is also internally inconsistent, in that it orders multiple "Demkota Ranch beef screw conveyors," but also states that it is an order for just one unit, at a unit cost of $800,000 per unit. Furthermore, on this record, the Court cannot begin to conclude as a matter of law that IME accepted any counter-offer by performance. Purchase Order 17003 is not clear what performance is called for (for example, how many conveyors?) and the record reflects a genuine issue of material fact about the necessity and value of IME's work.

3. IME's representatives and Michael Chapple have testified that because the scope of the work had not yet been defined and drawings had not been provided, the amount of $800,000 on both documents was intended to be a placeholder estimate. Plaintiff disputes such testimony, arguing that even without drawings and specifications (which it did not provide until April 11, 2022), IME could have begun to purchase stainless steel. Regardless, however, because of ambiguity and lack of internal coherency in the alleged offer by IME and the alleged counter-offer by plaintiff, extrinsic evidence of the parties' intent will be needed. The record clearly presents a genuine issue of material fact whether (1) the parties ever had a meeting of the minds on the terms of an original contract; (2) if so, whether the parties later modified that agreement through words or course of conduct; (3) if not, whether their relationship unfolded according to some altogether different written or verbal agreement or course of conduct; (4) to the extent that the answers to these questions involve statements and conduct by Chapple, whether he was acting within the scope of his actual or apparent authority from plaintiff; (5) whether Chapple represented to plaintiff that Purchase Order 17003 was a fixed price contract and approved payments in order to divert

them to Jeff Muir and, if so, whether his misconduct has any bearing on the contractual dispute between plaintiff and IME; (6) whether plaintiff has waived its claim that it and IME had a fixed price contract because even if such an agreement existed, plaintiff's course of conduct after the purchase reflects an agreement to pay IME on a time and materials basis; and (7) whether it was reasonable for IME to expect plaintiff to be bound by Chapple's statements and actions as plaintiff's representative to IME.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For Partial Summary Judgment (Doc. #120) filed April 4, 2025, be and hereby is **OVERRULED.**

Dated this 22nd day of May, 2025 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge